FILED
02 JAN -9 PM 3:58
N.D. OF ALABAMA

ENTERED
JAN 0 9 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| STANLEY F. STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-01-S-1142-NE |
| ) | |
| PPG INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This action is before the court on plaintiff's amended motion to compel defendant to respond to certain requests for production of documents and to certain interrogatories (doc. no. 20). Upon review of the pleadings and the briefs, the court concludes that the motion is due to be granted in part and denied in part.

### I. PLAINTIFF'S SECOND SET OF INTERROGATORIES

**A.   Interrogatory Number 11**

Plaintiff contends that defendant should be compelled to respond to the following: "Please identify any and all positions with the defendant company for which the plaintiff applied, verbally and/or written, and please state the reason he was not employed for that position, covering the period of time of January 1, 1997, up to the present." Defendant objected to the interrogatory, asserting that the requested information was beyond the scope of the action[1] because "[p]laintiff raises no promotion claim in his Complaint, nor in his only [EEO] charge (Number 130-A0-3338) to which

---

[1] Plaintiff's complaint consists of four claims: Count I alleges that defendant terminated plaintiff in retaliation for his participation in protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; Count II alleges that defendant refused to grant plaintiff a leave of absence in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615; and Counts III and IV allege breach of contract claims.

the Complaint could relate." Defendant further contends that since plaintiff has not alleged or satisfied the administrative prerequisites for a claim of discriminatory failure to promote, this interrogatory is irrelevant and beyond the scope of discovery. The court finds defendant's arguments persuasive, and plaintiff's motion to compel is due to be denied with respect to plaintiff's second set of interrogatories, number 11.

**B.      Interrogatory Number 13**

Plaintiff's thirteenth interrogatory seeks information as follows:

> From January 1, 1997, up to and including the present, have any policies and/or procedures existed for posting or publicizing job openings to employees? If your answer is yes, please describe the policies and/or procedures for posting or publicizing job openings to employees, including plaintiff, during each year, up to and including the present, and state whether any documents exist that describe such policies and procedures, and produce copies of such documents.

Defendant again objects on the ground that the information sought is beyond the scope of the action since he has not alleged a claim of discriminatory promotion. Again, the court finds defendant's arguments persuasive, and the motion to compel is due to be denied with respect to plaintiff's second set of interrogatories, number 13.

## II. PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

**A.      Request for Production Number 10**

Plaintiff's request for production number 10 reads as follows:

> Any and all documents that evidence an affirmative action policy or procedure of the defendant, including but not limited to any document that evidences the number of defendant's employees and managers by race, sex, and/or ethnicity, including any statistical report or evaluation relevant to the ratio of minority employees to non-minorities employed by defendant at all times relevant to this case.

Defendant objects, contending that the information sought is privileged,[2] and that the documents are not relevant to the subject matter of this action, are not reasonably calculated to lead to the discovery of admissible evidence, and are beyond the scope of the charge of discrimination plaintiff filed with the Equal Employment Opportunity Commission. The court concludes that defendant must disclose all objective factual or statistical information related to race, but is not required to disclose any subjective analysis contained in the requested documents. *See, e.g., Reid v. Lockheed Martin Aeronautics Co.*, 199 F.R.D. 379, 386 (N.D. Ga. 2001). The defendant is not required to disclose information related to sex, as it is not relevant to any of plaintiff's claims.

### III. PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

**A.   Requests for Production Numbers 11 through 17**

Plaintiff requests the court to order defendant to produce the following documents:

Any and all document that evidence the person, and the race of those persons, who were hired by the defendant to fill the positions, covering the period of time of 1997 through the present, of the following:

1. Lead position in the glass racks and prep area;
2. Supervisor in the prep department;
3. Maintenance in the whole plant.

Defendant objects to this request for production on the basis that plaintiff has not raised a claim of discriminatory promotion, and that, thus, any such documents would not be relevant. The court agrees, and the motion to compel is due to be denied as to request for production number 11. Similarly, as requests for production 13 through 17 relate to request for production 11, the motion

---

[2] Defendant relies primarily on the self-critical analysis privilege. Defendant also raised the attorney-client and the attorney work product privileges, but has failed to explain their applicability.

to compel also is due to be denied as to those requests.

**B.     Request for Production Number 18**

Plaintiff's request for production number 18 requests: "Any and all documents that evidence any family medical leave applicants, and approval or disapproval, that were filed during the two-year period of time, prior to July of 1999, up to and including the present time." Defendant has objected to this request for production as being unduly burdensome and not properly limited in scope. Defendant proposes to limit the request for production by producing a list of the names of the employees who worked in the production department in the Huntsville, Alabama plant where plaintiff worked, and who have applied for leave under the Family and Medical Leave Act, and whether their requests were granted or denied. Defendant's proposal is reasonable, and the motion to compel is granted with respect to this request for production, subject to defendant's proposed limitations.

**C.     Request for Production Number 19**

Plaintiff seeks all documents that evidence the requests for salary continuance, and approval or disapproval, that were filed for a two-year period of time, prior to July of 1999, up to the present. Defendant again objects on the ground that this request is unduly burdensome. Defendant has proposed limiting the request to the department within which plaintiff worked in the Huntsville, Alabama plant. This limitation is reasonable, and the motion to compel is due to be granted as limited by defendant's proposal.

**D.     Request for Production Number 20**

Plaintiff requests documents relating to the requests for leave made under the Family and Medical Leave Act by Ricky Jones, Hughie Crowson, Larry Cooper, and Lorretta Miller. Defendant

-4-

represents that it has produced responsive documents with respect to Ricky Jones and Hughie Crowson, except for confidential medical records. Defendant states that it does not have an employee named Lorretta Miller, and that it has no responsive documents relating to Larry Cooper. Plaintiff's motion to compel is due to be denied as to request for production number 20.

**E.      Request for Production Number 21**

Plaintiff requests the court to order defendant to produce "[a]ny and all documents that evidence any investigations of the defendant company by any governmental agency, pertaining to racial discrimination against blacks and/or African-American persons, from January 1, 1995 to present. Defendant objects on the grounds that such documents are not relevant, that plaintiff is not entitled to them,[3] and that they are privileged. The court concludes that plaintiff has not shown that any such documents are relevant to his claim. Moreover, to the extent that the documents relate to other employees of defendant, their privacy interest should be protected. *See Prouty v. National Railroad Passenger Corporation*, 99 F.R.D. 551, 552 (D.D.C. 1983) ("Making this information available to litigants could very well inhibit other employees from bringing such charges."). As such, plaintiff's motion to compel is due to be denied with respect to request for production number 21.

**F.      Request for Production Number 22**

Similarly, plaintiff's request for production number 22 seeks "[a]ny and all documents that evidence any investigation of the defendant company by any governmental agency, pertaining to

---

[3]Defendant relies on *Equal Employment Opportunity Commission v. Associated Dry Goods Corporation*, 449 U.S. 590, 101 S.Ct. 817, 66 L.Ed.2d 762 (1981). In that case, however, the Supreme Court addressed the statutory provision which prohibits employees of the EEOC from disclosing to a charging party information contained in the files of other charging parties. Thus, *Associated Dry Goods* is not, strictly speaking, applicable to the present controversy.

discrimination against black and/or African American persons, that relate to the Family Medical Leave Act." For the reasons set forth *supra* § E., this aspect of plaintiff's motion to compel also is due to be denied.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is due to be granted in part and denied in part. A separate order will be entered contemporaneously with this memorandum opinion.

DONE this 9th day of January, 2002.

_____
United States District Judge